NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| Walter A. TORMASI, pro se, | : | |
| Plaintiff, | : | Civ. No. 3:08-cv-4950 |
| v. | : | OPINION & ORDER |
| George E. HAYMAN, et al | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.,

INTRODUCTION

This matter comes before the Court upon Plaintiff's Appeal of Magistrate Judge's Order [94], Defendants' Motion to Declare Plaintiff a Vexatious Litigator [97], and Plaintiff's Cross Motion to Consolidate Cases [104]. The matters have been decided on the papers without oral argument. In the interest of expediency, the Court has chosen to rule on all three motions simultaneously. For the reasons stated below, the appeal is DENIED and the Magistrate Judge's order is AFFIRMED. The Defendants' motion is also DENIED. Finally, Plaintiff's Motion to Consolidate is also DENIED.

BACKGROUND

Plaintiff is an inmate confined at the New Jersey State Prison (NJSP) and, at all relevant times, has been in the custody of the New Jersey Department of Corrections (DOC). Plaintiff's Amended Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983, seeks damages and injunctive and declaratory relief for acts, committed under color of law, which allegedly

1

deprived Plaintiff of (1) his right to timely medical care, as guaranteed by the Eighth Amendment; (2) his right to due process of law, as guaranteed by the Fourteenth Amendment; and (3) his right to equal protection of the laws, as guaranteed by the Fourteenth Amendment.

Plaintiff's lawsuit concerns his unsuccessful attempts to obtain a new set of prescription eyeglasses after his eyesight began to deteriorate. He asserts that he first filed a medical request in December 2006. He claims that he did not get an eye exam until April of 2008 and did not receive his new pair of glasses until September of the same year. Plaintiff further alleges that the glasses are ineffective and do not fully restore his vision. Plaintiff also asserts that, all the while, he complained to a variety of prison personnel who did not respond adequately to his requests. He further claims that as a result of the delay in his receiving prescription glasses, he suffered permanent vision loss, headaches and disorientation, physical injury, and emotional distress.[1]

## PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal a Magistrate Judge's determination of a non-dispositive matter. A Magistrate Judge's decision, however, will "be overturned only when the ruling was clearly erroneous or contrary to law." Singer Mgmt. Consultants v. Milgram, 608 F. Supp. 2d 607, 611 (D.N.J. 2009). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." Singer Mgmt. Consultants, 608 F. Supp. 2d at 611-12.

---

[1] Plaintiff's factual allegations are set forth in greater detail in the Court's Order of September 9, 2009. Tormasi v. Hayman, Civ. No. 08-4950 (D.N.J.).

2

Plaintiff has appealed from an order denying his motion for appointment of an expert witness pursuant to Fed. R. Evid. 706(a).[2] He argues that he will be unable to adequately demonstrate his medical conditions without the aid of a medical expert who can testify to his condition and help explain it to the trier of fact. The Third Circuit has never pronounced definitively upon the standards governing a Rule 706 motion. However, as some courts have noted, the language of the Rule is wholly permissive, suggesting that courts have wide latitude in determining when appointment is necessary and should make the determination on a case-by-case basis. See Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1348-49 (11th Cir. 2003). The Rule should be interpreted with an eye toward the role that experts play in the litigation process, which is helping "the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

Judge Arpert determined that the Plaintiff's injuries do not appear beyond the understanding of laypersons, and the record supports his determination. Tormasi v. Hayman, Civ. No. 08-4950, at 3 (D.N.J. September 8, 2009) (Order of Arpert, M.J.). Therefore, at this time, the appointment of an independent expert is not needed to understand any evidence or determine any facts in issue. An independent expert is not required simply because the subject of the lawsuit concerns medical matters. See Gaviria v. Reynolds, 476 F.3d 940, 945 (D.C. Cir. 2007) (noting that medical malpractice cases do not necessarily require expert testimony). As

---

[2] Rule 706(a) provides:

> The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

Judge Arpert noted, if it later becomes clear that the accurate adjudication of the case will require the help of a medical expert, the Court will appoint an independent expert sua sponte. Tormasi, Civ. No. 08-4950, at 3. However, until that point in time, this Court must conserve its limited financial resources.

The Magistrate Judge's order demonstrates that he exercised his discretion responsibly and in accord with the law governing Fed. R. Evid. 702(a). His decision was neither contrary to law nor clearly erroneous. Therefore, the appeal must be denied.

### DEFENDANTS' MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGATOR

If a particular litigant has shown continuous abuse of the judicial process by filing frivolous or duplicative claims or motions with the Court, the Court may issue an injunction restricting the litigant's ability to file any further claims. Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). However, litigiousness alone does not justify a restraint. In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).

In this instance, Defendants have not shown that Plaintiff's activity is frivolous or duplicative. Defendants note that Plaintiff has filed three separate lawsuits and several motions in each lawsuit, but they do not explain why these activities are so frivolous as to warrant imposing an injunctive restraint upon Plaintiff's ability to file further motions. Defendants point out that one of Plaintiff's lawsuits has been dismissed as duplicative of this lawsuit; however, one duplicative lawsuit is not sufficient to qualify as abusive. See, e.g., Brow, 994 F.2d at 1039 n.13 (entering restraint after Plaintiff filed five lawsuits); Perry v. Gold and Laine, 371 F. Supp. 2d 622, 629-31 (D.N.J. 2005) (detailing a litany of frivolous claims). Defendants also assert that Plaintiffs' motions have been duplicative and vexatious, noting that Plaintiff has already moved for reconsideration once and appealed two decisions of the Magistrate Judge. However, if

Plaintiff did not appeal the Magistrate's decisions to the District Court, he would waive his ability to raise those issues on any further appeal to the Third Circuit. <u>United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co., Inc.</u>, 828 F.2d 1001 (3d Cir. 1987). Since Plaintiff had a legitimate reason to make his appeals, they were not vexatious. The one motion for reconsideration, standing alone, does not demonstrate that Plaintiff is a vexatious litigator.

The Court has undertaken its own review of the record in this case and—after careful consideration—determined that Plaintiff's filings do not constitute abuse of the judicial process. Therefore, the Court will not grant Defendants' motion to have Plaintiff declared a vexatious litigator.

<u>MOTION TO CONSOLIDATE</u>

Fed. R. Civ. P. 42(a)(2) permits a district court to consolidate multiple actions if there are common questions of law or fact between them. A court may consolidate cases in the interest of facilitating the administration of justice, and it has broad discretion in making this determination. <u>Hailey v. City of Camden</u>, 631 F. Supp. 2d 528, 553 (D.N.J. 2009). In this case, Plaintiff is seeking to consolidate the present case with a case that is already closed. This would not promote the administration of justice. Plaintiff states he makes this motion in an effort to avoid Rule 11 sanctions and Defendant's motion to declare Plaintiff a vexatious litigator. As there are no sanctions at issue and this Court has already determined that Plaintiff's actions do not warrant the injunctive restraints sought by Defendants, Plaintiff's concerns are now moot.

<u>CONCLUSION</u>

For the foregoing reasons, it is hereby ORDERED, on this 14th day of October, 2009, that Plaintiff's Appeal of Magistrate Judge's Order [94] is DENIED, and

It is further ORDERED that  Judge Arpert's Order denying Plaintiff's Motion for Appointment of an Expert Witness [91] is AFFIRMED, and

It is further ORDERED that Defendants' Motion to Declare Plaintiff a Vexatious Litigator [97] is DENIED, and

It is further ORDERED that Plaintiff's Cross Motion to Consolidate Cases [104] is DENIED.

/s/ Anne E. Thompson

ANNE E. THOMPSON