NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Walter A. TORMASI<br><br>    Plaintiff,<br><br>v.<br><br>George W. HAYMAN, et al.,<br><br>    Defendants. | Civ. No. 08-4950<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

### I.  INTRODUCTION

This matter comes before the Court upon Plaintiff's two Appeals [docket # 276, 296] of orders entered by the Magistrate Judge: an Order granting Defendants' motion to depose Plaintiff [259], and an Order denying Plaintiff's motion to reset the return date of Defendants' summary judgment motion [286]. The Court has decided these appeals upon consideration of the parties' written submissions, without holding oral argument. For the reasons given below, the appeals are denied, and the Magistrate Judge is affirmed in all respects.

### II.  BACKGROUND

Plaintiff is an inmate confined at New Jersey State Prison ("NJSP") by the New Jersey Department of Corrections ("DOC"). He brought this lawsuit against the DOC, Correctional Medical Services, Inc. ("CMS"), and several individuals working for either the State or for CMS.[1] Plaintiff alleges that Defendants' failure to give him an eye exam and a pair of functional eyeglasses resulted in permanent loss of vision and physical injury to his eye. This loss of vision is allegedly responsible for dizziness, headaches, disorientation, and loss of equilibrium, which

---

[1] At this time, the only remaining Defendants are Lucile Roach, Jawana Bethea, Jason Pugh, and Malaka Umrani—all CMS employees.

1

caused Plaintiff to fall and injure himself. These physical injuries allegedly caused emotional distress. On the basis of these allegations, Plaintiff claims that Defendants violated both the U.S. Constitution and state law, and he seeks declaratory, injunctive, and monetary relief.[2]

### III. ANALYSIS

A. Legal Standard

Under L. Civ. R. 72.1(c)(1)(A), a party may appeal a Magistrate Judge's determination of a non-dispositive matter. A Magistrate Judge's decision will be overturned only when the ruling was "clearly erroneous or contrary to law." L. Civ. R. 72.1(c)(1)(A). "The party filing the notice of appeal bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied applicable law," whereas a finding is clearly erroneous when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Id*.

B. The Order Granting Defendants' Motion to Depose Plaintiff

The Magistrate Judge granted Defendants' Motion to depose Plaintiff [259] pursuant to Fed. R. Civ. P. 30(a)(2), which requires a party to obtain leave of court to depose a prisoner, and states that "the court must grant leave to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2). Plaintiff argues that the Magistrate Judge's order is inconsistent with Rule 26(b)(2)(C), which directs the court to limit discovery based on various factors. Specifically, Plaintiff argues that the Magistrate Judge committed legal error by finding Rule 26(b)(2) inapplicable where Plaintiff had not yet been deposed. (Br. in Supp. of Appeal 2) [276]. Plaintiff is correct that he "need not wait until after his deposition is taken in order to invoke the

---

[2] For a more detailed recitation of the background and history of this case, the parties are referred to the Court's prior Order of July 6, 2010 [211] denying Plaintiff's Motion for Summary Judgment and granting in part and denying in part certain defendants' Motion for Summary Judgment.

protective measures" of the Rule.  (*Id.*)  However, the fact that Plaintiff has not yet been deposed is highly relevant to the Court's consideration of the various factors listed in Rule 26(b)(2)(C), such as whether the deposition would be unreasonably cumulative or duplicative, and whether the burden would outweigh the benefit.  These factors are less of a concern with an initial deposition than with multiple, successive depositions.  Thus, the Magistrate Judge's ruling that the initial deposition of Plaintiff did not implicate Rule 26(b)(2) was not clearly erroneous or contrary to law.  Nor was it error for the Magistrate Judge to permit the deposition in spite of Plaintiff's physical ailments.  Plaintiff's arguments concerning his physical health are mere recitals of the arguments that were rejected in the Magistrate Judge's Order denying Plaintiff's application for a protective order [224], which was upheld on appeal [252].  Therefore, this latest appeal is denied as well.

   C.  <u>The Order Denying Plaintiff's Motion to Reset Return Date</u>

In an Amended Scheduling Order [258], the Magistrate Judge ordered that "[a]ny dispositive motion(s) shall be filed no later than January 14, 2011 and made returnable on February 7, 2011."  On October 7, 2010, Defendants Bethea, Pugh, and Roach filed a motion for summary judgment returnable on November 1st.  By motion [278], Plaintiff objected to the return date, stating that it violated the Amended Scheduling Order.  The Magistrate Judge rejected this motion by order [286], from which Plaintiff now appeals.

Plaintiff argues that the Amended Scheduling Order requires that all dispositive motions be made returnable on February 7, 2011.  (Br. in Supp. of Appeal 2.) [296].  Plaintiff's interpretation of the Order is incorrect.  The Order simply sets an ultimate filing deadline of January 14, 2011 for dispositive motions.  This deadline does not affect motions filed prior to that date, which are governed by the briefing schedule contained in L. Civ. R. 78.1(a).  Therefore, the Magistrate Judge did not err when he stated that "Plaintiff has failed to

demonstrate good cause for resetting Defendants' motion for summary judgment" [286], and Plaintiff's appeal must be denied.

We now turn to the concern underlying Plaintiff's appeal: that Defendants' motion for summary judgment is premature, at least on the issue of whether he properly exhausted administrative remedies prior to filing this lawsuit as required by the Prisoner Litigation Reform Act. In support, Plaintiff points to the Court's Order of July 6, 2010 [211] denying his motion for partial summary judgment on the exhaustion of remedies question. In the Order, we reasoned, "Given the centrality of Plaintiff's own testimony to this motion, Plaintiff's answers to interrogatories and his deposition testimony would clearly be relevant to the motion's disposition. Therefore, Defendants should have the benefit of Plaintiff's deposition before they are required to oppose Plaintiff's summary judgment motions." (Order 6) [211]. Plaintiff now argues that if he "must wait until after the completion of discovery . . . , then so must defendants." (Br. in Supp. of Appeal 4) [296]. Plaintiff misunderstands the purpose of the July 6 Order. The Order stated that Defendants should not have to oppose Plaintiff's motion prior to discovery because Plaintiff's motion was supported "in substantial part by relying on his own sworn statements as evidence." (Order 6) [211]. Plaintiff has since submitted answers to interrogatories, and Defendants appear ready to address the exhaustion of remedies issue. Therefore, Plaintiff's attempt to delay the motion's return date is denied.

## IV. CONCLUSION

For the foregoing reasons, IT IS, this 4th day of November, 2010,

ORDERED that Plaintiff's Appeal of Magistrate Judge's Decision [276] is DENIED; and it is further

ORDERED that Plaintiff's Appeal of Magistrate Judge's Decision [296] is DENIED; and it is further

ORDERED that the Order of the Magistrate Judge granting Defendants' Motion to depose Plaintiff [259] is AFFIRMED; and it is further

ORDERED that the Order of the Magistrate Judge denying Plaintiff's Motion to reset the return date of Defendants' summary judgment motion [286] is AFFIRMED; and it is further

ORDERED that Plaintiff must submit opposition papers no later than 14 days from the receipt of this order, and Defendants' reply will be due 7 days after Plaintiff submits his opposition.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.