<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Walter A. TORMASI

      Plaintiff,

v.

George W. HAYMAN, et al.,

      Defendants.

Civ. No. 08-4950

OPINION & ORDER

<u>THOMPSON, U.S.D.J.</u>

      This matter comes before the Court on Defendants' Motion to Dismiss [docket # 339] pursuant to Fed. R. Civ. P. 37(d). The Court has decided the motion on the papers, without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons below, the motion is DENIED.

      Defendants' Motion is based on Plaintiff's failure to appear for his deposition on November 23, 2010. Plaintiff, a prisoner proceeding *pro se*, originally filed a motion for a protective order prohibiting Defendants from deposing him. Plaintiff claimed that he had a "debilitating jaw dysfunction" that made it difficult to give oral testimony. The Magistrate Judge denied Plaintiff's motion, and we affirmed [252]. Defendants then moved for an order permitting Plaintiff to be deposed, which was granted by the Magistrate Judge and affirmed on appeal [299]. Defendants proceeded to schedule Plaintiff's deposition for November 23, 2010, and informed Plaintiff via letter sent to the prison. (Mot. to Dismiss, Brown Cert. Ex. D, at 1) [339-1]. When Counsel for Defendants arrived at the prison on November 23, Plaintiff refused to appear for or participate in his deposition. (Brown Cert. Ex. C, at 3) [339-6]. Counsel had brought a notepad and pen in case Plaintiff was unable to give oral testimony. (Brown Supplemental Cert. 2) [341].

Rule 37(d) permits a court to "order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). Dismissal of the action, in whole or in part, is one of the sanctions a court may impose. Fed. R. Civ. P. 37(b)(2)(A)(v). The sanction of dismissal is extreme and should be reserved for cases where it is justly deserved. *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 870 (3d Cir. 1984). In the case of a *pro se* plaintiff, the sanction of dismissal should not be imposed unless the plaintiff has been warned of the potential consequences of noncompliance. *Williams v. Cambridge Integrated Servs. Grp.*, 148 F. App'x 87, 90 (3d Cir. 2005).

This opinion serves as Plaintiff's warning. If Plaintiff does not appear for and submit to a deposition, the Defendants may move for, and the Court may grant, a dismissal of the case. We are aware of Plaintiff's alleged jaw disability. That does not excuse him from obeying this Court's orders and appearing for his deposition. Defendants have shown a willingness to accommodate Plaintiff's disability; Plaintiff must also be accommodating.

<u>CONCLUSION</u>

For the foregoing reasons, IT IS, this 20th day of December, 2010

ORDERED that Defendants' Motion to Dismiss [docket # 339] is DENIED; and it is further

ORDERED that **<u>Plaintiff must submit to a deposition by January 21, 2011</u>**; and it is further

ORDERED that discovery will remain open for the sole purpose of deposing Plaintiff.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

2