UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALTER A. TORMASI, | : | Civil Action No.: 08-4950 (AET) |
| Plaintiff, | : | |
| v. | : | ORDER |
| GEORGE W. HAYMAN, et al., | : | |
| Defendants. | : | |

This matter having come before the Court on Motion by *pro se* Plaintiff Walter A. Tormasi ("Plaintiff") to appoint the United States Marshal to serve subpoenas duces tecum on New Jersey Department of Corrections ("NJDOC") Health Services Unit employee Ralph Woodward ("Woodward"), NJDOC Office of Information Technology ("OIT"), and New Jersey State Prison ("NJSP") Medical Director Abu Ahsan ("Director Ahsan") ("Woodward/OIT/Ahsan Subpoenas") [dkt. entry no. 319], returnable January 3, 2011; and Defendants Jawana Bethea, Lucile Roach, and Jason Pugh (collectively, "Defendants") having submitted opposition with respect to the Woodward/OIT/Ahsan Subpoenas as pertains to the Woodward and Director Ahsan requests; and Plaintiff stating that because Woodward, OIT, and Director Ahsan "are not a part of this civil action, [Plaintiff] is prevented from utilizing interrogatories and document requests to obtain" discovery (Pl.'s Decl. at 3); and Plaintiff stating that "the remaining defendants in this case are no longer employed by Correctional Medical Services ("CMS") or no longer assigned to NJSP/NJDOC, thereby rendering such information outside of their possession or control" while "the information now being sought via subpoena is in the actual or constructive possession or control of [Woodward, OIT and Ahsan] (*Id*.); and Plaintiff maintaining that his "efforts have been unsuccessful" to date with respect to obtaining documents directly from "defendants Bethea, Pugh, and Roach" (*Id*.); and with respect to Woodward, Plaintiff stating that he seeks "(1) all personnel files of [Defendants] to

include signed Job and Post Descriptions, Orientation Checklists, and documents evidencing their employment by CMS in 2006-2008, (2) all indemnification/insurance agreements regarding NJDOC, CMS, and [Defendants], (3) all health services policy manuals applicable to NJDOC, NJSP, and CMS, and (4) rosters of CMS personnel at NJSP in 2006-2008" (*Id*. at 1-2); and with respect to OIT, Plaintiff stating that he seeks "(1) all Logician manuals, (2) all EMR Workflow manuals, (3) all documents evidencing or memorializing EMR 'workflow' data, EMR 'flags' and communications, and EMR 'routing' data regarding Plaintiff, regardless of whether such information is accessible directly through the Logician client program or indirectly through IT or DBA personnel, and (4) all EMR policies, practices, and procedures" (*Id*. at 2); and with respect to Director Ahsan, Plaintiff stating that he seeks "(1) all NJSP tracking logs memorializing requests for, and scheduling of, optometry care at NJSP in 2006-2008, (2) all NJDOC, NJSP, and CMS training and orientation manuals regarding medical care, (3) all personnel files at NJSP regarding Defendants, and (4) all signed and unsigned Job and Post Descriptions regarding Defendants" (*Id*.); and Plaintiff noting that he is "indigent and cannot afford to pay third-party serving agents", that "to date, there have been no material changes in [his] financial circumstances or my inability to personally serve process", and that "the Court has previously appointed the Marshal to serve process at public expense" (*Id*. at 3); and in opposition, Defendants contending that the Woodward/OIT/Ahsan Subpoenas "seek information already addressed in the Court's prior Order dated November 15, 2010 [dkt. entry no. 310] regarding Plaintiff's Motion to Compel" (Def.'s Opp'n Br. at 2); and Defendants arguing that "the subpoenas are broad in scope and should be narrowly tailored to allow for the production of documents addressing the allegations set forth in Plaintiff's Third Amended Complaint" as Plaintiff is "again seeking Defendants' personnel files without demonstrating that the information related to retirement and yearly benefits will lead to the production of admissible evidence...[and] confidential

2

information including Defendants' residence, marital status, prior employment...[which] creates an obvious safety concern for Defendants and their families" (*Id.*); and Defendants arguing that Plaintiff is "again seeking the production of the contract between the NJDOC and CMS" but Plaintiff has failed to "cure the defects set forth in the November 15, 2010 Order" and "has not set forth any facts to support a position that he was an intended beneficiary to the contract between the NJDOC and CMS" (*Id.*); and Defendants noting that they have already forwarded a Declarations Pages to Plaintiff for the policy of insurance relevant to the instant matter along with a request that Plaintiff indicate "whether he wanted a complete copy of the relevant policy" as Defendants "would need to seek a Protective Order prior to producing same", but that Plaintiff has not responded to date (*Id.*); and Defendants, noting that Plaintiff's requests for all tracking logs for requests and scheduling of optometry of care from 2006-2008 are "not limited to logs regarding [Plaintiff's] own treatment" but instead include "logs for all inmates housed at NJSP", "all health services policy manuals applicable to NJDOC, NJSP, and CMS", and "rosters of all CMS personnel at NJSP in 2006 and 2008", maintains that "these requests are overly broad" and "are not relevant to the instant matter" (*Id.* at 2-3); and the Court noting that FED. R. CIV. P. 45(b)(2) provides that a subpoena may be served at any place:

> (A) within the district of the issuing court; (B) outside the district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection; (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or (D) that the court authorizes on motion and for good cause, if a federal statute so provides;

and the Court noting "any request for discovery must be made in sufficient time to allow the answering party to respond before the termination of discovery" (*Brooks v. Johnson & Johnson*, 1990 U.S. Dist. LEXIS 8144, at *3 (E.D. Pa. 1990)) and "various other circuits have gone as far to

3

hold that requests are required to be made at least thirty days before the completion of the discovery deadline or else it would result in an unreasonable delay" (*NE Techs., Inc. v. Evolving Sys.*, 2008 U.S. Dist. LEXIS 85351, at *12-13 (D.N.J. 2008); *see also Northern Indiana Public Serv. Co. v. Colorado Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986); *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003); *Andrews v. Raphaelson*, 2007 U.S. Dist. LEXIS 3479, at *18 (D. Nev. 2007)); and the Court noting that the Complaint in this matter was filed on December 7, 2008 [dkt. entry no. 1]; and the Court noting that Plaintiff filed this Motion on November 29, 2010 [dkt. entry no. 319]; and the Court noting that discovery in this matter closed on December 15, 2010 [dkt. entry no. 258]; and the Court noting that it previously granted Plaintiff's request to serve a subpoenas on various individuals, including by way of Order dated October 19, 2010 [dkt. entry no. 287]; and the Court finding that Plaintiff has had more than two (2) years to engage in fact discovery, but failed to file the present Motion until twelve (12) business days before the discovery end date; and the Court finding that Plaintiff has failed to proffer the present discovery request "in sufficient time to allow the answering party to respond before the termination of discovery" (*Brooks*, 1990 U.S. Dist. LEXIS 8144, at *3); and the Court having reviewed Plaintiff's written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

**IT IS** on this 30th day of December, 2010,

**ORDERED** that Plaintiff's Motion to appoint the United States Marshal to serve the Woodward/OIT/Ahsan Subpoenas [dkt. entry no. 319] is **DENIED**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**