NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

Walter A. TORMASI

    Plaintiff,

v.

George W. HAYMAN, et al.,

    Defendants.

Civ. No. 08-4950

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff's Motion to Vacate Stipulation of Dismissal [docket # 289] of Defendant Paula Azara. Defendant Azara opposes Plaintiff's motion and, in the alternative, moves to dismiss the claims under Fed. R. Civ. P. 12(b)(6) [315]. The Court has decided the matter upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Plaintiff's motion is denied.

## BACKGROUND[1]

    Plaintiff Walter Tormasi is an inmate at the New Jersey State Prison (NJSP) who claims that, while incarcerated, he was deprived of adequate medical care for his deteriorating eyesight. He seeks damages and injunctive relief, under 42 U.S.C. § 1983, for deprivation of his constitutional rights. Defendant Paula Azara worked as an administrator for the University of Medicine and Dentistry of New Jersey, which began providing medical care to NJSP inmates in October 2008. (Br. in Opp'n to Mot. to Vacate 3) [315]. Previously, medical care was provided

---

[1] For a more detailed recitation of the background and history of this case, the parties are referred to the Court's prior Order of July 6, 2010 [211] denying Plaintiff's Motion for Summary Judgment and granting in part and denying in part certain Defendants' Motion for Summary Judgment.

1

by Correctional Medical Services, Inc. (CMS).  According to Plaintiff's Third Amended Complaint, he sent several letters to CMS administrator Malaka Umrani, complaining about his inability to obtain medical care.  Plaintiff alleges that those letters were forwarded to Umrani's successor—Defendant Azara.  (Third Am. Compl. ¶ 22) [159].

On May 24, 2010, Azara moved to dismiss the claims against her pursuant to Fed. R. Civ. P. 12(b)(6) [184].  In support of her motion, Azara certified that she was not employed at the prison during the time period relevant to Plaintiff's cause of action.  Specifically, Plaintiff complains of conduct occurring between December 25, 2006, and September 30, 2008, (Third Am. Compl. ¶ 4) [159], and Azara asserts that she did not begin working at NJSP until October 1, 2008, (Mot. to Dismiss Ex. D, Azara Cert. ¶ 3, 4) [184-1].  Based on this assertion, Plaintiff agreed to voluntarily dismiss the claims against Azara with prejudice.  The parties signed a stipulation of dismissal [205], and the Court dismissed Azara from the case [223].

Plaintiff now moves to vacate that dismissal under Fed. R. Civ. P. 60(b)(3).  He alleges that the stipulation "was induced by Defendant Azara through fraud, misrepresentation, and other misconduct."  (Mot. to Vacate, Tormasi Decl. 2) [289-1].  Specifically, he claims that Azara's certification that she did not begin work at the prison until October 1, 2008, is contradicted by the interrogatory answer of Defendant Lucile Roach—a CMS employee.  (*Id.*)  In response to a question about what Roach did after receiving Plaintiff's grievance letter of March 25, 2008, Roach answered that she "forwarded the correspondence to her immediate supervisor, Paula Azara."  (Mot. to Vacate Ex. L, Def.'s Resp. to Pl.'s Interrog. No. 9) [289-13].  Plaintiff believes the interrogatory answer is proof that Azara was employed at NJSP during the relevant period.

ANALYSIS

A.  Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to "relieve a party or its legal representative from a final judgment, order or proceeding" on several grounds, including "fraud . . . , misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3). Relief under Rule 60(b) is "extraordinary" and should be granted only under "special circumstances."  *Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir.1987). To prevail under Rule 60(b)(3), the moving party must prove, by clear and convincing evidence, that the adverse party engaged in fraud, misrepresentation, or other misconduct.  *Brown v. Pennsylvania R.R. Co.,* 282 F.2d 522, 527 (3d Cir.1960) (citations omitted).

B.  Plaintiff's Motion to Vacate

We find that Plaintiff is not entitled to relief under Rule 60(b)(3) because he has failed to show by clear and convincing evidence that Azara committed fraud or misrepresentation when she certified that her NJSP employment commenced on October 1, 2008.  Plaintiff's allegation of fraud is based entirely on Defendant Lucile Roach's interrogatory answer, in which Roach states that she forwarded Plaintiff's letter dated March 25, 2008, to Azara.  (Mot. to Vacate Ex. L, Def.'s Resp. to Pl.'s Interrog. No. 9) [289-13].  We are not persuaded that this alleged inconsistency proves that Azara committed fraud.  The interrogatory answer does not specify when Roach received Plaintiff's letter or when she forwarded the letter to Azara.  Even if we infer that Roach received the letter soon after it was written and infer that Roach would have forwarded it to her supervisor soon after that, we find it likely that Roach was simply mistaken or misremembered who her supervisor was at the time.  We believe Azara's certification of when her employment commenced is more likely to be accurate than any inference we can draw from Roach's response to a question that did not even ask about Azara.  Moreover, Azara now

3

supports her certification by submitting her offer of employment from NJSP. (Devinney Decl. Ex. G, at 1) [315-9]. The offer letter states that Azara's job is to begin on September 29, 2008, (*id.*), and Azara's certification states that she did not in fact begin until October 1, 2008, (Azara Cert. ¶ 3) [184-1]. Plaintiff has not disputed the authenticity of this letter and has presented no other clear and convincing evidence that Azara misrepresented the dates she worked at NJSP. Accordingly, we deny Plaintiff's request.

## CONCLUSION

For the foregoing reasons, IT IS on this 20th day of January, 2011,

ORDERED that Plaintiff's Motion to Vacate Stipulation of Dismissal [docket #289] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.