NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Walter A. TORMASI<br><br>    Plaintiff,<br><br>v.<br><br>George W. HAYMAN, et al.,<br><br>    Defendants. | Civ. No. 08-4950<br><br>OPINION & ORDER |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff's Motion for Reconsideration [docket # 353] of an order denying Defendants' motion to dismiss and requiring Plaintiff to submit to a deposition [346]. The Court has decided the motion upon consideration of the parties' written submissions, without holding oral argument, pursuant to Fed. R. Civ. P. 78(b). For the reasons given below, Plaintiff's motion for reconsideration is denied.

## ANALYSIS[1]

### A. Legal Standard

    A motion for reconsideration may be brought on three grounds: (1) an intervening change in controlling law, (2) evidence not previously available, or (3) to correct a clear error of law or prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *Interfaith Cmty. Org. v. Honeywell Intern., Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration is not a vehicle for raising new matters or arguments that could have

---

[1] For a more detailed recitation of the background and history of this case, the parties are referred to the Court's prior Order of July 6, 2010 [211] denying Plaintiff's Motion for Summary Judgment and granting in part and denying in part certain defendants' Motion for Summary Judgment.

1

been raised before the original decision was made, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001), nor is it an opportunity to ask a court to rethink what it has already thought through. *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Reconsideration based on a clear error of law may be granted only if there is a dispositive factual or legal matter that was presented but not considered, which would have reasonably resulted in a different conclusion by the court. *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010).

### B. Plaintiff's Motion for Reconsideration

On December 16, 2010, Defendants moved to dismiss the case because Plaintiff refused to be deposed [339]. The Court denied the motion to dismiss, stating that it was an extreme sanction to impose, without warning, on a pro se plaintiff. (Order 2, Dec. 20, 2010) [346]. However, the Court required Plaintiff to submit to a deposition by January 21, 2011, and warned Plaintiff of the potential consequences of continued non-cooperation. (*Id.*) Plaintiff's motion for reconsideration argues the following: (1) that the Court erred by failing to consider his cross-motion for appointment of pro-bono counsel [349], and (2) that the December 20th Order should have denied Defendants' motion *with* prejudice and should not have required Plaintiff to submit to a deposition. (Supp. Br. in Support of Mot. for Reconsid. 1) [353-1].

After Plaintiff filed the instant motion, his application for pro bono counsel was considered and rejected by the Court. (Order, Jan. 6, 2011) [361]. Therefore, reconsideration on this basis is denied as moot.

In support of Plaintiff's second argument—that we should not have compelled his deposition and should have denied Defendants' motion with prejudice—he states only that "he was aware of the consequences of his failure to proceed with his deposition" and that "the Court's 'warning' of those consequences was entirely superfluous . . . ." (Supp. Br. in Support

2

of Mot. for Reconsid. 1) [353-1]. By admitting that he knew his failure to cooperate could result in dismissal of his case, Plaintiff essentially admits that the extreme sanction of dismissal might have been warranted. However, we declined to dismiss the case and instead ordered that Plaintiff cooperate in his deposition. We anticipated that if Plaintiff again refused to cooperate, Defendants would again seek dismissal—and justifiably so. For that reason, we did not deny the motion with prejudice. Accordingly, we decline to reconsider that aspect of the December 20th Order.

## CONCLUSION

For the foregoing reasons, IT IS on this 20th day of January, 2011,

ORDERED that Plaintiff's Motion for Reconsideration [docket #353] is DENIED.

                              */s/ Anne E. Thompson*
                              ANNE E. THOMPSON, U.S.D.J.