NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Walter TORMASI,

        Plaintiff,

v.

George HAYMAN, et al.,

        Defendants.

Civ. No. 08-4950

OPINION and ORDER

THOMPSON, U.S.D.J.

      This matter has come before the Court on Plaintiff Walter Tormasi's Motion to Appoint *Pro Bono* Counsel [Docket # 470]. Defendant Lucile Roach opposes this motion [481]. The Court has decided this matter upon the consideration of the parties' submissions and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, the Court will grant Plaintiff's motion and reserve decision regarding any other motions now pending until *pro bono* counsel has entered an appearance.

      Neither the Supreme Court of the United States nor the United States Court of Appeals for the Third Circuit has found a constitutional right to counsel for litigants in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997). A district court, however, "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts are vested with broad discretionary authority to determine whether counsel should be appointed to represent such a civil *pro se* plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Third Circuit, however, has indicated that courts should be careful in appointing *pro bono* counsel because "volunteer lawyer time is a precious commodity [that] should not be wasted on frivolous cases." *Parham*, 126 F.3d at 458. A court should only consider appointing

counsel if the plaintiff has not alleged a frivolous or malicious claim. *Id.* at 457. Therefore, as a threshold matter, this Court must first consider the merits of a plaintiff's allegations. *See Tabron*, 6 F.3d at 155 ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.") (citation omitted).

If a plaintiff's claim has arguable merit, a court will then consider a number of additional factors that bear on the need for appointed counsel, including: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue such investigation; (4) the likelihood that the case will turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can obtain and afford counsel on his own behalf. *Parham*, 126 F.3d at 457. This list of factors is not exhaustive; it is intended to serve as a guidepost for the district courts.

As this case appears to be headed for trial in the coming months, there is arguable merit to the claims presented by the Plaintiff. Moreover, upon consideration of the *Parham* factors, the Court considers appointment of counsel to be justified in this case. Plaintiff has an apparent medical condition whereby his jaw locks from time to time. This prevents Plaintiff from effectively communicating and is likely to interfere with proceedings at trial. Therefore, appointment of counsel is appropriate in this case at this time.

The Court notes that there is a torrent of other motions currently pending in this case. Because the Court is appointing *pro bono* counsel, it will reserve decision on all of these pending motions until after the parties engage in a pre-trial conference. The parties, however, should continue briefing these motions in accordance with the normal briefing schedule.

For the foregoing reasons, IT IS on this 21st day of December 2011

ORDERED that Plaintiff's Motion to Appoint *Pro Bono* Counsel is GRANTED; and it is

ORDERED that Plaintiff is to be appointed *pro bono* counsel from the civil *pro bono* panel established by this Court in accordance with Appendix H to the Local Rules; and it is

ORDERED that once *pro bono* counsel is in place, the Court will schedule a pre-trial conference in order to discuss and/or resolve any matters currently pending.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.