NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Walter TORMASI,<br><br>        Plaintiff,<br><br>v.<br><br>George HAYMAN, et al.,<br><br>        Defendants. | Civ. No. 08-4950<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter has come before the Court on numerous motions filed by Plaintiff Walter Tormasi.[1] One pending motion, at docket number 469, asks this Court to reinstate various motions for summary judgment and partial summary judgments previously filed by Plaintiff, which this Court, in its March 25th Opinion, denied as moot. In particular, this motion asks: (1) that the Court reinstate and decide the previously-filed Motion for Partial Summary Judgment [358] that Defendant Lucile Roach acted under "color of law" within the meaning of 42 U.S.C. § 1983; and (2) that the Court reinstate and decide the previously-filed Motion for Partial Summary Judgment [407] that Tormasi's medical needs are "serious" as defined under Eighth Amendment jurisprudence.[2] Plaintiff has withdrawn his request to have the Court reinstate several other previously-filed motions for partial summary judgment under docket number 469, and these other motions will therefore not be addressed. (Pl.'s Letter of Feb. 29, 2012) [528].

---

[1] As noted in this Court's Opinion and Order of March 25, 2011 ("March 25th Opinion") [docket # 446], Plaintiff has filed a torrent of motions in this case. Subsequent to this case being remanded, this Court was again inundated with a flurry of motions filed by the Plaintiff. Appointed counsel was then assigned to Plaintiff, and a number of these motions have since been withdrawn.

[2] In deciding Plaintiff's Motion to Reinstate [469], the Court takes into consideration all documents filed relevant to making its determination. Because Plaintiff was proceeding *pro se* at the time that the Motion to Reinstate was filed, the Court will treat this motion as though it is a renewed motion for partial summary judgment. Defendant Roach responded to this motion as though it was a renewed motion, and therefore the Court has determined that Roach is not prejudiced by this action.

1

Lastly, Plaintiff has also filed a Motion for Relief From Order Granting Summary Judgment to Defendant Jason Pugh and to Reinstate Pugh as a Defendant [477]. All of these pending motions are opposed by either Defendant Lucile Roach or Jason Pugh [485, 492].

After considering all relevant documents filed in this matter, Plaintiff's renewed motion for partial summary judgment will be granted in part and denied in part, and Plaintiff's request to reinstate Defendant Pugh is denied.

I.   BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case as laid out in the Court's March 25th Opinion. In sum, this dispute revolves around the Defendants' allegedly improper delay in providing optometry care to Plaintiff. Although a full recitation of those facts will not be laid out here, the Court relies on that statement of facts for purposes of deciding these motions. In its March 25th Opinion, the Court granted summary judgment in favor of the remaining Defendants in the case, which at the time included Roach, Pugh, and Jawana Bethea. At the time that this motion was decided, Plaintiff had not yet filed a response. Plaintiff then filed a response to this already-decided motion and asked this Court to reconsider its March 25th Opinion in light of this new submission. After considering all submissions by both parties, the Court, in an Opinion and Order dated May 9, 2011 ("May 9th Opinion"), ruled that its initial holding was not a clear error of law or otherwise manifestly unjust. (*See* Op. and Order of May 9, 2011, at 5) [452]. Plaintiff then appealed both the March 25th and May 9th Opinions as those opinions applied to Plaintiff's claims against Roach and Bethea; Plaintiff did not appeal the Court's decisions as to Defendant Pugh. The United States Court of Appeals for the Third Circuit affirmed this Court's judgment with respect to Bethea, but vacated the judgment with respect to Roach. *See Tormasi v. Hayman*, No. 11-2493, 2011 U.S. App. LEXIS 23320, at *2 (3d Cir. Dec. 21, 2011).

## II.     MOTION TO REINSTATE PUGH

The first issue for this Court to address is whether or not it would be appropriate at this juncture—on the eve of trial—to reinstate Defendant Pugh. Pugh has not been involved in this litigation since May 9, 2011, as discussed in the recitation of the procedural history of this case provided above. In deciding Plaintiff's Motion for Reconsideration, the Court reviewed those documents that Plaintiff now claims should have prevented the dismissal of Pugh from this case. (*See* Op. and Order of May 9, 2011, at 5). Even after considering these additional documents, the Court concluded that there was no clear error of law in granting summary judgment in favor of Pugh, nor was such a holding manifestly unjust. (*Id.*).

Plaintiff brings this pending motion pursuant to Rule 60(b), which provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>     (4) the judgment is void;
>     (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>     (6) any other reason that justified relief.

Fed. R. Civ. P. 60(b). What Rule 60(b) does not permit, however, is a motion for relief from a judgment to be used as an end-run around the appeals process. In the words of the Third Circuit, "to allow a party to rely on Rule 60(b) as an alternative to the time constraints of [Appellate] Rule 4(a) would have the substantive effect of nullifying the provisions of [Appellate] Rule 4(a)(5). *West v. Keve*, 721 F.2d 91, 97 (3d Cir. 1983). Therefore, "Rule 60(b) cannot be used as a means of avoiding dismissal for want of a timely appeal." *Id.* (collecting cases).

3

Plaintiff makes three separate arguments as to why Pugh should be reinstated. First, Plaintiff argues that his failure to appeal this Court's Order as it related to Pugh was a result of the 14,000-word limitation provided for in Fed. R. App. P. 32(a). This, however, does not excuse Plaintiff's failure to timely appeal.[3] Tormasi has pointed to no legal authority that would support this contention, and the Court does not know of any. Second, Plaintiff argues that it was legal error for this Court to enter judgment in favor of Pugh. Again, however, "a Rule 60(b) motion 'may not be used as a substitute for an appeal, and . . . legal error, without more' does not warrant relief under that provision." *Crisdon v. N.J. Dep't of Educ.*, No. 11-4436, 2012 U.S. App. LEXIS 4387, *5 (3d Cir. Mar. 1, 2012) (citing *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003)). Finally, Plaintiff alleges that the March 25th Opinion of this Court did not take his motion papers into consideration. In ruling on Plaintiff's motion for reconsideration, however, the Court stated that it "ha[d] now reviewed Plaintiff's opposition papers in their entirety, and even after considering the arguments raised in the opposition papers, we see no reason to reconsider or amend our earlier opinion. There is thus no clear error of law or manifest injustice that needs correcting, and we will accordingly deny the motion for reconsideration." (Op. and Order of May 9, 2011, at 5). Therefore, Plaintiff's last argument is unavailing.

As Plaintiff correctly points out, granting relief under Rule 60(b) is an "extraordinary" remedy that should only be granted in "special circumstances." *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (collecting cases). Plaintiff's failure to properly perfect his appeal does not warrant this extraordinary remedy. Rather, Pugh should be entitled to finality in this case.

---

[3] Specifically, Plaintiff states in an accompanying Declaration to this pending motion that his originally drafted appellate brief was over the allotted 14,000 words. (Tormasi Decl. ¶ 3) [512-1]. Plaintiff therefore was "compelled, against his will, to omit [his] challenge to defendant Pugh's dismissal." (*Id.*). After removing these facts and arguments, Plaintiff's submitted brief was 12,242 words. (*Id.*). The Court notes that, by its count, Plaintiff's opening brief in this pending motion consists of less than 1,000 words.

### III.     RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT

#### a. Standard of Review

Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). In resolving a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Properly applied, Rule 56 will "isolate and dispose of factually unsupported claims or defenses" before those issues come to trial. *Id.* at 323–24.

#### b. Under "Color of Law"

Plaintiff's next motion asks this Court to grant partial summary judgment that Defendant Roach was acting under color of law within the meaning of 42 U.S.C. § 1983. The state action requirement is an essential element of Plaintiff's Eighth Amendment claim. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). "The traditional definition of acting under color of state law requires that

the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (citations and internal quotations omitted). Put somewhat differently, "[t]o constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.* (internal quotations omitted). "[S]tate employment is generally sufficient to render the defendant a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 n.18 (1982).

Here, Defendant Roach does not seriously contend that she was not a state actor for purposes of § 1983; she devotes no legal argument to this in any of her papers related to this pending motion. (*See generally* docket nos. 382 and 485). This is for good reason. Defendant Roach has admitted that Plaintiff was incarcerated at all relevant times in New Jersey State Prison, and that during all relevant times she was employed at New Jersey State Prison. (*See* Def. Roach's Opp. Br., at 8). Additional documentary evidence corroborates this. For example, after Plaintiff submitted a letter to CMS Ombudsman Kathy O'Donnell, he received a response stating, "Ms. Roach notified to schedule long overdue exam." (*See, e.g.*, Hutton Decl. Ex. B., at D29) [275-6]. These admissions, accompanied by additional documentary evidence, are sufficient to establish that Defendant Roach was acting under color of state law. No reasonable jury could find otherwise.

   c. **"Serious" Injury**

Plaintiff's final pending motion asks the Court to hold that his medical needs were "serious" as a matter of law as that term is defined under Eight Amendment jurisprudence. In order to establish an Eight Amendment claim under 42 U.S.C. § 1983 for denial or delay of medical care, a plaintiff must establish that his medical needs were "serious." *Estelle v. Gamble*,

429 U.S. 97, 104–06 (1976); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A serious medical need is defined as: (1) "one that that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one that without treatment "would result in the unnecessary and wanton infliction of pain or a lifelong handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (internal citations and quotations omitted).

      Whether Plaintiff's eye condition could appropriately be characterized as "serious" was raised before the United States Court of Appeals for the Third Circuit on appeal. In addressing the parties' arguments, the Third Circuit stated:

> Although a 'very slight visual impairment' does not constitute a serious medical need, Tormasi's vision was significantly blurred, resulting in dizziness and imbalance that caused him to fall and walk into objects.  On one occasion, he fell due to his inability to see and dislocated his jaw.  Under such circumstances, a jury ***could*** find that Tormasi's optometry needs were serious.

*Tormasi*, 2011 U.S. App. LEXIS 23320, at *8 (internal citations omitted) (emphasis added). Thus, the Third Circuit stated that this issue is not appropriately decided on summary judgment. As the Third Circuit made clear, a jury would not be *required* to find that Tormasi's optometry needs were serious, only that there was sufficient evidence such that a jury *could* find that his needs were serious.  This Court agrees with the Third Circuit's determination that sufficient disagreement exists as to the severity of Plaintiff's medical need so as to require submission of this question to a jury.

## IV.     CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reinstate Pugh is denied, and Plaintiff's Renewed Motion for Partial Summary Judgment is granted in part and denied in part. An appropriate Order will follow.


                                                             */s/ Anne E. Thompson*
                                                             ANNE E. THOMPSON, U.S.D.J.


Date: March 6, 2012